UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: SPINO, LEE E<br>　　　 SPINO, ALISON E<br><br>Debtor(s) | § Case No. 08-10426<br>§<br>§<br>§ |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

　1. The debtor filed a petition under Chapter 7 of the United States Bankruptcy Code on April 25, 2008. The undersigned trustee was appointed on April 25, 2008.

　2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

　3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

　4. The trustee realized the gross receipts of　　　$＿＿＿＿7,935.29

　　Funds were disbursed in the following amounts:

　　| | |
|---|---:|
| Administrative expenses | 0.00 |
| Payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Payments to the debtor | 0.00 |
| Leaving a balance on hand of[1] | $＿＿＿＿7,935.29 |

The remaining funds are available for distribution.

　5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

　6. The deadline for filing claims in this case was 12/09/2008. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

　7. The Trustee's proposed distribution is attached as **Exhibit D**.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (9/1/2009)

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,543.50. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,543.50, for a total compensation of $1,543.50. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $7.08, for total expenses of $7.08.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 10/05/2009        By: /s/CHARLES J. MYLER
                            Trustee

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 101-7-TFR (9/1/2009)

Exhibit A

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 1

Case Number: 08-10426
Case Name: SPINO, LEE E
　　　　　　SPINO, ALISON E
Period Ending: 10/05/09

Trustee: (330510)　CHARLES J. MYLER
Filed (f) or Converted (c): 04/25/08 (f)
§341(a) Meeting Date: 05/19/08
Claims Bar Date: 12/09/08

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Real Estate Located at 2608 Royal St. Georges, C | 530,000.00 | 0.00 | DA | 0.00 | FA |
| 2 | Cash $35.00 | 35.00 | 0.00 | DA | 0.00 | FA |
| 3 | Checking account with Harris Bank | 172.00 | 0.00 | DA | 0.00 | FA |
| 4 | Checking account with Harris Bank | 502.00 | 0.00 | DA | 0.00 | FA |
| 5 | Furniture and piano. | 3,250.00 | 3,250.00 | | 5,000.00 | FA |
| 6 | Misc. books and pictures | 500.00 | 0.00 | DA | 0.00 | FA |
| 7 | Used clothing | 1,000.00 | 0.00 | DA | 0.00 | FA |
| 8 | Wedding bands | 2,700.00 | 0.00 | DA | 0.00 | FA |
| 9 | Term life insurance through employer | 0.00 | 0.00 | DA | 0.00 | FA |
| 10 | 2005 Buick LaCrosse with 70,125 miles | 6,335.00 | 0.00 | DA | 0.00 | FA |
| 11 | 1999 Ford Expedition with 104,321 miles | 3,710.00 | 0.00 | DA | 0.00 | FA |
| 12 | Country club dues refund | 4,500.00 | 4,500.00 | | 2,934.00 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 1.29 | Unknown |
| 13 | Assets　Totals (Excluding unknown values) | $552,704.00 | $7,750.00 | | $7,935.29 | $0.00 |

Major Activities Affecting Case Closing:

　　Trustee will sell piano and has recovered country club refund

Initial Projected Date Of Final Report (TFR):　March 31, 2009　　　　Current Projected Date Of Final Report (TFR):　October 31, 2009

Printed: 10/05/2009 02:24 PM　V.11.51

Exhibit B

# Form 2
## Cash Receipts And Disbursements Record

Page: 1

**Case Number:** 08-10426  
**Case Name:** SPINO, LEE E  
　　　　　　　SPINO, ALISON E  
**Taxpayer ID #:** 54-6814439  
**Period Ending:** 10/05/09  

**Trustee:** CHARLES J. MYLER (330510)  
**Bank Name:** JPMORGAN CHASE BANK, N.A.  
**Account:** ***-*****11-65 - Money Market Account  
**Blanket Bond:** $5,000,000.00 (per case limit)  
**Separate Bond:** N/A  

| 1 Trans. Date | 2 {Ref#} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Money Market Account Balance |
|---|---|---|---|---|---|---|---|
| 01/26/09 | {12} | Lee Spino | Country Club dues refund | 1129-000 | 2,934.00 | | 2,934.00 |
| 02/27/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.11 | | 2,934.11 |
| 03/31/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.12 | | 2,934.23 |
| 04/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.11 | | 2,934.34 |
| 05/29/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.11 | | 2,934.45 |
| 06/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.12 | | 2,934.57 |
| 07/08/09 | {5} | Lee Spino | First of two payment for piano | 1129-000 | 2,500.00 | | 5,434.57 |
| 07/31/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.19 | | 5,434.76 |
| 08/31/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.22 | | 5,434.98 |
| 09/01/09 | {5} | Lee Spino | Balance of amount due on piano | 1129-000 | 2,500.00 | | 7,934.98 |
| 09/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.31 | | 7,935.29 |

|  |  |  |
|---|---|---|
| ACCOUNT TOTALS | 7,935.29 | 0.00　$7,935.29 |
| Less: Bank Transfers | 0.00 | 0.00 |
| Subtotal | 7,935.29 | 0.00 |
| Less: Payments to Debtors |  | 0.00 |
| NET Receipts / Disbursements | $7,935.29 | $0.00 |

Net Receipts: 7,935.29  
Net Estate: $7,935.29

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| MMA # ***-*****11-65 | 7,935.29 | 0.00 | 7,935.29 |
| | $7,935.29 | $0.00 | $7,935.29 |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 08-10426
Case Name: SPINO, LEE E
Trustee Name: CHARLES J. MYLER

Claims of secured creditors will be paid as follows:

| Claimant | Proposed Payment |
|---|---|
| Bank of Kenosha | $ 0.00 |
| Illinois Department of Revenue | $ 0.00 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| | Reason/Applicant | Fees | Expenses |
|---|---|---|---|
| Trustee | CHARLES J. MYLER | $ | $ 7.08 |
| Attorney for trustee | Myler, Ruddy & McTavish | $ 2,087.50 | $ |
| Appraiser | | $ | $ |
| Auctioneer | | $ | $ |
| Accountant | | $ | $ |
| Special Attorney for trustee | | $ | $ |
| Charges, | U.S. Bankruptcy Court | $ | $ |
| Fees, | United States Trustee | $ | $ |
| Other | | $ | $ |
| Trustee | Charles J. Myler | $ 1,543.53 | $ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Fees | Expenses |
|---|---|---|

UST Form 101-7-TFR (9/1/2009)

*Attorney for debtor* _____ $_____ $_____
*Attorney for* _____ $_____ $_____
*Accountant for* _____ $_____ $_____
*Appraiser for* _____ $_____ $_____
*Other* _____ $_____ $_____

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $93,827.34 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 9 | IRS | $ 86,108.34 | $ 3,943.66 |
| 15P | Illinois Department of Revenue | $ 7,719.00 | $ 353.52 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 75,832.33 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent.

Timely allowed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 1 | Discover Bank/DFS Services LLC | $ 12,408.78 | $ 0.00 |
| 2 | Guttormsen, Hartley Wilk et al. | $ 12,491.31 | $ 0.00 |
| 3-3 | CHASE BANK USA, NA | $ 8,855.73 | $ 0.00 |
| 4-3 | CHASE BANK USA, NA | $ 5,587.90 | $ 0.00 |
| 5 | Pra Receivables Management, Llc | $ 18,602.84 | $ 0.00 |
| 6 | Wisconsin Electric Power Company | $ 961.89 | $ 0.00 |
| 7 | American Express Centurion Bank | $ 87.38 | $ 0.00 |
| 8 | Chase Bank USA,N.A. | $ 2,185.21 | $ 0.00 |

**UST Form 101-7-TFR (9/1/2009)**

| | | | |
|---|---|---|---|
| 10 | LVNV Funding LLC | $ 12,859.76 | $ 0.00 |
| 11 | Beck, Chaet, Bamberger & Polsky | $ 1,397.40 | $ 0.00 |
| 12 | Triangle Appliance, Video & Carpeting, Inc | $ 394.13 | $ 0.00 |
| 13 | Bank of Kenosha | $ 0.00 | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 820.91 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 15U | Illinois Department of Revenue | $ 820.91 | $ 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | N/A | | |

The amount of surplus returned to the debtor after payment of all claims and interest is $0.00.

**UST Form 101-7-TFR (9/1/2009)**